**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Akeem O. Smith, Appellant.

Appellate Case No. 2012-213518

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-074
Submitted January 1, 2015 – Filed February 18, 2015

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

**PER CURIAM:**  Akeem Smith appeals his convictions for armed robbery, first-degree burglary, kidnapping, and attempted murder, arguing the trial court erred in refusing to charge the jury on self-defense and sentencing him to life imprisonment

without the possibility of parole (LWOP) based upon a crime he committed as a juvenile. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the trial court erred in refusing to charge the jury on self-defense: *State v. Slater*, 373 S.C. 66, 69, 644 S.E.2d 50, 52 (2007) (stating that to establish self-defense, the defendant must have been without fault in bringing on the difficulty); *State v. Bryant*, 336 S.C. 340, 345, 520 S.E.2d 319, 322 (1999) ("Any act of the accused in violation of law and reasonably calculated to produce the occasion amounts to bringing on the difficulty and bars his right to assert self-defense as a justification or excuse for a homicide.").

2.     As to whether the trial court erred in sentencing Smith to LWOP based upon a crime he committed as a juvenile: *See* S.C. Code Ann. § 17-25-45(A)(1) (2014) (stating that upon conviction of a most serious offense, a person must be sentenced to LWOP if that person has one or more prior convictions for a most serious offense); *State v. Standard*, 351 S.C. 199, 204, 569 S.E.2d 325, 328 (2002) (holding an "enhanced sentence based upon a prior most serious conviction for a crime which was committed as a juvenile does not offend evolving standards of decency so as to constitute cruel and unusual punishment" (emphasis omitted)); *Miller v. Alabama*, 132 S. Ct. 2455, 2475 (2012) (holding mandatory LWOP sentences for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments); *Aiken v. Byars*, 410 S.C. 534, 548 n.13, 765 S.E.2d 572, 579 n.13 (2014) ("Neither Hunter nor Robinson is a petitioner here because the court did not sentence Hunter to LWOP, and because Robinson was an adult when he committed the crimes and is thus unaffected by *Miller's* holding." (Toal, C.J., dissenting)); *United States v. Hunter*, 735 F.3d 172, 176 (4th Cir. 2013) ("In this case, Defendant is not being punished for a crime he committed as a juvenile, because sentence enhancements do not themselves constitute punishment for the prior criminal convictions that trigger them. Instead, Defendant is being punished for the recent offense he committed at thirty-three, an age unquestionably sufficient to render him responsible for his actions. Accordingly, *Miller's* concerns about juveniles' diminished culpability and increased capacity for reform do not apply here." (internal citation omitted)); *United States v. Hoffman*, 710 F.3d 1228, 1233 (11th Cir. 2013) ("*Miller* is inapposite because it involved a juvenile offender facing punishment for a crime committed when he was a juvenile, and thus it focused on the reasons why it would be cruel and unusual for a *juvenile* to face a mandatory life sentence. Nothing in *Miller* suggests that an adult offender who has committed

prior crimes as a juvenile should not receive a mandatory life sentence *as an adult*, after committing a further crime as an adult.  As we said . . . , the Supreme Court in *Miller* did not deal specifically—or even tangentially—with sentence enhancement, and it is a far different thing to prohibit sentencing a juvenile offender to a mandatory sentence of [LWOP] than it is to prohibit consideration of prior youthful offenses when sentencing criminals who continue their illegal activity into adulthood." (internal quotation marks and citations omitted)).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.