**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 14-4127

UNITED STATES OF AMERICA

v.

AARON WILSON,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-13-cr-00326-001)
District Judge: Honorable William H. Yohn, Jr.

Submitted Under Third Circuit LAR 34.1(a)
April 4, 2016

Before: AMBRO and KRAUSE, <u>Circuit Judges</u>
and THOMPSON,✦ <u>District Judge</u>

(Opinion filed:  May 6, 2016)

OPINION*

---

✦ Honorable Anne E. Thompson, Senior District Judge, United States District Court of
New Jersey, sitting by designation.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge

Aaron Wilson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and received a mandatory minimum sentence under 18 U.S.C. § 924(e) for being an armed career criminal. He appeals his conviction on the ground that the Government improperly switched its theory of the case during its rebuttal. He also argues that his mandatory minimum sentence is unconstitutional. We affirm both the conviction and the sentence.[1]

## I.

A jury convicted Wilson based on police officers' testimony that they recovered a gun from his waistband after ordering him out of a car. The defense's theory was that the gun, which did not belong to Wilson, was actually found in the car. Wilson's contention, in effect, was that the officers lied when testifying that the gun was on Wilson's person.

The prosecutor, in the rebuttal portion of closing arguments, said that the officers had no motive to lie because they still could have arrested Wilson under a theory of constructive possession even if the gun had been in the car and not in his waistband. The actual statement reads as follows:

> Ladies and gentleman, the defense would have you believe that the officers in this case lied—lied to secure an arrest against the defendant. They would have you believe that the defendant didn't possess the gun, it wasn't in his waistband but instead it was in the car. And defendant's counsel asked you, if it was in the car, how were they going to arrest the defendant? Well, ladies and gentlemen, the answer is clear. You don't—you don't have to have a gun in your waistband to get arrested for possession of a gun.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction per 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Joint Appendix ("JA") 469.[2]

Wilson argues that this statement was an impermissible departure from the indictment, which he says was premised on his actual rather than constructive possession of the gun. As we have explained, "[t]here are two types of variations between the charges in an indictment and the evidence at trial: (1) amendments of the indictment when its charging terms are altered; and (2) variances, where the charging terms of the indictment are not changed but when the evidence at the trial proves facts materially different from those alleged in the indictment." *United States v. Daraio*, 445 F.3d 253, 259 (3d Cir. 2006). Wilson contends that the second of these scenarios occurred here. To secure a reversal, he must establish not only that such a variance happened, but also that "it is likely to have surprised or otherwise has prejudiced the defense." *Id.* at 262.

Because Wilson failed to preserve the issue at trial, we review his contention for plain error. *United States v. Vosburgh*, 602 F.3d 512, 531 (3d Cir. 2010). To satisfy this standard, "there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (en banc) (internal quotation marks omitted) (alternations in original).

In Wilson's view, the Government had maintained throughout the trial that he actually possessed the gun only to concede in its rebuttal that the gun might have been in

_____

[2] As used here and elsewhere in the opinion, this refers to the page that immediately precedes JA 470. In the appendix, it is mistakenly labeled JA 4.

the car instead. Not so. The Government merely pointed out its view that the officers did not have a motive to lie because they could have brought the same charge under either scenario. Indeed, the prosecutor expressly told the jury that the Government was not abandoning its theory that Wilson actually possessed the gun:

> Now, we're not—we're not arguing that the gun in fact was in the car. We've argued from the beginning and the testimony has shown that the gun was in the defendant's waistband. But the insinuation here . . . that[,] unless the officers made up a lie . . ., that somehow the defendant then could [not] be arrested . . . is simply not true.

JA 469–70. Because the Government did not switch theories mid-course, there was no variance from the indictment, and Wilson's claim fails.

## II.

Wilson next argues that his mandatory minimum sentence of 15 years, issued under the Armed Career Criminal Act ("ACCA"), was unconstitutional. The ACCA provides for a mandatory minimum for felons in possession that have three previous convictions for either a violent felony or a serious drug offense. 18 U.S.C. § 924(e). Wilson contends that this violates the Eighth Amendment as applied to him in light of the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), because he committed the predicate offenses when he was a juvenile (although he was tried and convicted as an adult in all of them). We exercise plenary review over this Eighth Amendment challenge. *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006).

Two of our sister courts recently have rejected the same argument Wilson raises here. *See United States v. Hunter,* 735 F.3d 172, 176 (4th Cir. 2013); *United States v. Orona*, 724 F.3d 1297, 1309–10 (10th Cir. 2013). We have no trouble concluding that

4

they were correct. Even assuming that *Miller*, which invalidated a mandatory life without parole sentence for a juvenile offender, could extend beyond its facts, the fatal flaw in Wilson's argument is his contention that the ACCA mandatory minimum sentence punishes him for conduct he committed while he was a juvenile. The Supreme Court has held that such a sentence only punishes the recidivist for the felon-in-possession violation, which Wilson unquestionably committed as an adult, and not for the predicate offenses. Specifically, the Court has explained:

> When a defendant is given a higher sentence under a recidivism statute—or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history—100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's "status as a recidivist."

*United States v. Rodriquez*, 553 U.S. 377, 386 (2008). Because Wilson is not being punished for what he did as a juvenile, his *Miller*-based Eighth Amendment attack fails.[3]

\*   \*   \*   \*   \*

Having concluded that Wilson's conviction and sentence were permissible, we affirm.

---

[3] Wilson also argues that his sentence violates the Sixth Amendment because a jury did not determine that his predicate offenses qualified him for a mandatory minimum. This argument is foreclosed by Supreme Court precedent. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998); *United States v. Blair*, 734 F.3d 218, 226–27 (3d Cir. 2013).

5