J-S37042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
                v.            :
                              :
                              :
CARL THOMPSON                 :
                              :
            Appellant         :   No. 2368 EDA 2017

Appeal from the PCRA Order June 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0803561-1985

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 26, 2018**

Appellant, Carl Thompson, appeals from the order entered in the Court

of Common Pleas of Philadelphia County dismissing his sixth petition filed

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-

9546, as untimely.  We affirm.

On March 21, 1986, a jury found Appellant guilty of third-degree

murder, aggravated assault, criminal conspiracy, and possession of an

instrument of crime.  Appellant was 30 years old at the time he committed

these offenses.

Thereafter, the trial court sentenced Appellant to serve life in prison for

the murder conviction pursuant to 42 Pa.C.S. § 9715(a)[1], as Appellant had a

_____

[1] 42 Pa.C.S.A. § 9715 provides in relevant part as follows:

_____

*   Former Justice specially assigned to the Superior Court.

prior conviction for third-degree murder in 1973. This Court affirmed Appellant's judgment of sentence on January 19, 1988, and the Pennsylvania Supreme Court denied *allocatur* on September 19, 1988. Appellant took no appeal to the United States Supreme Court.

Between October 1988 and June 13, 2013, Appellant filed five unsuccessful PCRA petitions. Appellant filed, *pro se*, the instant PCRA petition, his sixth, on March 14, 2016. Among numerous other issues, Appellant alleged in this latest petition that the trial court's use of his 1973 murder conviction as the predicate to enhance the sentence imposed for his 1986 murder conviction pursuant to section 9715 was unconstitutional under **Miller v. Alabama**, 132 S.Ct. 2455, 2460 (2012) (holding "mandatory life without parole for those under the age of 18 at the time of their crime violates the Eighth Amendment's prohibition on 'cruel and unusual punishment.'").

---

**§ 9715. Life imprisonment for homicide.**

**(a) Mandatory life imprisonment.**—Notwithstanding the provisions of section 9712 (relating to sentences for offenses committed with firearms), 9713 (relating to sentences for offenses committed on public transportation) or 9714 (relating to sentences for second and subsequent offenses), any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9715(a).

Because he was only 17 years old when he committed the 1973 murder, Appellant argued, *Miller* invalidates the use of that conviction to impose an enhanced sentence of life without the possibility of parole for the third-degree murder he committed when he was 30 years old.

On March 20, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition, to which Appellant filed a response on April 5, 2017. On June 21, 2017, the PCRA court dismissed the petition as untimely. This timely appeal follows.

In Appellant's *pro se* brief, he presents the following question for our consideration:

> **WHETHER 42 Pa.C.S. § 9715 RAISES THE LEGALLY PRESCRIBED STATUTORY MAXIMUM OF THIRD DEGREE MURDER TO A TERM OF LIFE RESULTING IN AN ILLEGAL SENTENCE?**

Appellant's brief, at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa.Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

Initially, we address whether Appellant satisfied the timeliness requirements of the PCRA. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Murray*,

753 A.2d 201, 203 (Pa. 2000). Effective January 16, 1996, the General Assembly amended the PCRA to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* extended the time for filing a first PCRA petition until January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056–1057 (Pa.Super.1997) (discussing application of PCRA timeliness *proviso*).

However, we may accept a patently untimely petition when it alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.[2] A petition invoking one of these exceptions must be filed within 60

_____

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Our review of the record reflects that Appellant's judgment of sentence became final on or about December 19, 1988, ninety days after the Pennsylvania Supreme Court denied *allocatur* and the time for seeking writ of certiorari with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); SUP. CT. R. 13. Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on March 14, 2016, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.A. § 9545(b)(1), provided, additionally, that petitioner filed the petition within 60 days of the date the exception could first have been presented, pursuant to section 9545(b)(2). Appellant attempts to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right

---

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively," 42 Pa.C.S.A. § 9544(b)(1)(iii). Specifically, Appellant contends the PCRA court erred in not applying **Miller** to his case, as the United States Supreme Court subsequently held in **Montgomery v. Louisianna**, 136 S.Ct. 718 (2016) that **Miller** applied retroactively for purposes of collateral review as of the date of the **Miller** decision on June 25, 2012. Appellant filed the instant PCRA petition on March 14, 2016, which was within 60 days of **Montgomery** (decided January 25, 2016), so he satisfied the diligence requirement under section 9545(b)(2).

Nevertheless, Appellant's **Miller** claim fails because he was 30 years old at the time he committed the instant murder, and **Miller** only applies to individuals who were juveniles when they committed the crime on which their current conviction is based. **See Commonwealth v. Lawson**, 90 A.3d 1, 6 (Pa.Super. 2014). To the extent Appellant argues that his life sentence is unconstitutional under **Miller** because it is based in part on the earlier murder he committed when he was a juvenile, our decision in **Lawson** previously rejected such an argument:

> In an effort to circumvent the fact that he was thirty-three years old at the time he committed the instant murder, [Petitioner Lawson] asserts that his age at the time of his most current offense is not the only age that matters for purposes of his mandatory life sentence. [Lawson]'s Brief at 13. He specifically claims that "the application of the mandatory sentence called for in 42 Pa.C.S.A. [§] 9715 through the use of prior juvenile conduct as a predicate offense violates the new requirements of **Miller**,"

and that "[a] sentencing court should be required to consider the mitigating qualities of [his] youth from the time of his first offense as well as the individual circumstances attendant to that juvenile conduct." *Id.* Essentially, [Lawson] contends that it was unconstitutional to sentence him to a mandatory term of life imprisonment without the possibility of parole under the recidivist statute because he committed his previous murder while he was a juvenile.

We observe that three Federal Courts of Appeal have completely discredited [Lawson]'s argument that the holding in *Miller* should be applied to persons who have committed crimes as adults and sentenced to serve mandatory terms of life imprisonment without the possibility of parole based upon statutes that take into account prior juvenile conduct. *See United States v. Hoffman*, 710 F.3d 1228, 1233 (11th Cir.2013) (*per curiam*) (stating that "[n]othing in *Miller* suggests that an adult offender who has committed prior crimes as a juvenile should not receive a mandatory life sentence as an adult, after committing a further crime as an adult"); *United States v. Orona*, 724 F.3d 1297, 1309–1310 (10th Cir.2013) (holding that the use of the defendant's juvenile adjudication as a predicate offense for recidivist-statute purposes does not violate the Eighth Amendment's ban on cruel and unusual punishment as contemplated by various United States Supreme Court decisions, including *Miller*); *United States v. Hunter*, 735 F.3d 172, 176 (4th Cir.2013) (explaining *Miller* was inapplicable in case where the defendant, an adult sentenced to mandatory term of life imprisonment without parole, was not being punished for a crime he committed as a juvenile because sentence enhancements do not themselves constitute punishment for the prior criminal convictions that trigger them, but was being punished for the recent offense he committed at an age that rendered him responsible for his actions).

On a similar note, in *Commonwealth v. Scott*, 345 Pa.Super. 86, 497 A.2d 656 (1985), a panel of this Court addressed whether 42 Pa.C.S.A. § 9715 violated the appellant's *ex post facto* rights. In *Scott*, we held that the statute imposing a life sentence for a conviction of third-degree murder on anyone who had previously been convicted at any time of murder or manslaughter did not violate the *ex post facto* clause because the crime committed by Scott after the effective date of the law was the crime that brought Scott within the ambit of the statute, not the prior crime which was used for enhancement purposes. *Id.* at 658.

Likewise, we are compelled to conclude that the application of section 9715 to [Lawson]'s instant conviction of murder, committed when [Lawson] was thirty-three years old, did not increase the sentence [Lawson] received for his prior murder conviction, committed when [Lawson] was a juvenile. Rather, section 9715 applied only to the instant murder and did not change the punishment for the predicate offense of murder, committed while [Lawson] was a juvenile. We further conclude that *Miller* does not apply to an adult offender who has committed third-degree murder as a juvenile and receives a mandatory sentence of life imprisonment without the possibility of parole pursuant to 42 Pa.C.S.A. § 9715. Accordingly, we hold that the imposition on [Lawson], who was convicted as an adult of third-degree murder, of a mandatory life sentence without the possibility of parole based, in part, on a prior third-degree murder conviction as a juvenile, does not constitute cruel and unusual punishment under either the United States or Pennsylvania Constitution.

*Lawson*, 90 A.3d at 6-8. For the reasons expressed in *Lawson*, Appellant may not avail himself of an exception to the PCRA time-bar through application of *Miller*.

Finally, Appellant claims he qualifies for a section 9545(b)(1)(iii) exception because the trial court's reliance on his 1973 murder conviction to impose a life sentence for his 1986 murder conviction violated *Alleyne v. United States*, 570 U.S. 99 (2013) (holding any fact that increases the penalty for a crime is considered an element of the crime and must be found beyond a reasonable doubt by the factfinder). *Alleyne*, however, is not applicable to the instant matter because Appellant's case was at the collateral stage when *Alleyne* was decided on June 23, 2013, and *Alleyne* does not apply retroactively to cases on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) ("We hold that *Alleyne* does not

apply retroactively to cases pending on collateral review[.]"). "If [*Alleyne*] does not apply retroactively, then a case extending [*Alleyne*] should not apply retroactively." *Walker v. United States*, 810 F.3d 568, 575 (8th Cir. 2016).

Even if application of *Alleyne* were not precluded under *Washington*, Appellant would not be entitled to the benefits of *Alleyne*. The mandatory minimum sentence imposed on Appellant under 42 Pa.C.S.A. § 9715 would not be affected by *Alleyne* because the fact of his prior conviction was not required to be submitted to the jury and found beyond a reasonable doubt before forming the basis of a mandatory minimum sentence. *See Alleyne*, 133 S.Ct. at 2160 n.1. *See also Commonwealth v. Bragg*, 133 A.3d 328 (Pa.Super. 2016) (noting mandatory minimum sentence statute based on prior convictions not rendered unconstitutional by *Alleyne*).

Because Appellant's facially untimely sixth petition fails to invoke a valid exception to the timeliness requirements of the PCRA, Appellant is not entitled to relief. Therefore, the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/18