**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4416**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDRICK DEVONE FLEMMING,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:18-cr-00484-LCB-1)

Submitted:  April 15, 2021                                        Decided:  May 13, 2021

Before WILKINSON, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Kimberly F. Davis, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fredrick Devone Flemming pled guilty to possession of a firearm by a convicted felon. 18 U.S.C. § 922(g). Concluding that Flemming qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the district court sentenced him to 180 months' imprisonment—the mandatory minimum sentence under the ACCA. Flemming appeals, arguing that the district court erred by sentencing him under the ACCA based on prior North Carolina juvenile adjudications. We affirm Flemming's sentence.

Flemming first argues that juvenile adjudications should not be considered as prior felony convictions under the ACCA because juvenile adjudications do not afford due process protections and do not allow for a trial by jury. This argument is foreclosed by our decision in *United States v. Wright*, 594 F.3d 259, 264-65 (4th Cir. 2010) (finding no error in the district court's reliance on prior juvenile convictions to enhance sentence under the ACCA). Next, Flemming contends that a prior conviction is not a sentencing factor, but rather is an element of the offense required to be charged in the indictment and submitted to a jury, and urges us to rule contrary to the decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (recognizing exception to the Sixth Amendment and concluding that a sentencing judge is permitted to find the fact of a defendant's prior convictions, without submitting the question to a jury, even when this fact increases the statutory maximum or minimum penalty). We recently rejected a similar argument in *United States v. White*, 987 F.3d 340, 342 n.2 (4th Cir. 2021); *see United States v. Bell*, 901 F.3d 455, 467-68 (4th Cir. 2018); *see also United States v. McDowell*, 745 F.3d 115,

2

124 (4th Cir. 2014) ("*Almendarez-Torres* remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary.").

Lastly, Flemming contends that the use of his prior juvenile adjudications to increase his sentence under the ACCA results in a cruel and unusual punishment in violation of the Eighth Amendment, citing Supreme Court precedent addressing proportionate sentencing for juveniles. *See Miller v. Alabama*, 567 U.S. 460, 470-71 (2012) (holding that Eighth Amendment prohibits a mandatory sentence of life without parole for juvenile offenders, noting that "children are constitutionally different from adults for purposes of sentencing" due to their "diminished culpability and greater prospects for reform"); *Graham v. Florida*, 560 U.S. 48, 74-75 (2010) (holding that Eighth Amendment prohibits life without parole for juveniles convicted of nonhomicide offenses); *Roper v. Simmons*, 543 U.S. 551, 578 (2005) (holding that imposing the death penalty on juveniles violates the Eighth Amendment). However, Flemming was not a juvenile when he committed the § 922(g) offense for which he received the 15-year sentence. Rather, the sentence that Flemming challenges was imposed based on a crime committed as an adult. *See United States v. Hunter*, 735 F.3d 172, 175 (4th Cir. 2013). Because Flemming was not a juvenile when he committed the felon-in-possession offense, the Eighth Amendment concerns applicable to juvenile offenders do not apply here. *Id.* at 176.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3