# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1014

_____

United States of America

*Plaintiff - Appellee*

v.

Jamon Lonzel Winfrey, also known as Jamon Lonzell Winfrey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: December 13, 2021
Filed: January 31, 2022

_____

Before LOKEN, ARNOLD, and STRAS, Circuit Judges.

_____

LOKEN, Circuit Judge.

Jamon Winfrey pleaded guilty to a felon in possession of a firearm offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced under the Armed Career Criminal Act ("ACCA") because his multiple prior felony convictions included three predicate serious drug offenses. See 18 U.S.C. § 924(e)(1). One of the ACCA predicates was a 1990 state court felony conviction when Winfrey was fifteen years old. At sentencing, Winfrey objected that an ACCA enhancement based

on this juvenile offense would violate the Eighth Amendment as construed in <u>Miller v. Alabama</u>, 567 U.S. 460 (2012). The district court[1] overruled the objection, concluding it was foreclosed by Eighth Circuit precedent. Varying downward, the court sentenced Winfrey to 135 months' imprisonment followed by a 21-month consecutive sentence for committing this offense while on supervised release for a prior offense. Winfrey appeals the sentence, arguing the district court erred in rejecting his Eighth Amendment contention. We review this claim of constitutional sentencing error *de novo*. <u>See</u> <u>United States v. Emmert</u>, 825 F.3d 906, 910 (8th Cir. 2016), <u>cert. denied</u>, 137 S. Ct. 1349 (2017). Agreeing Winfrey's contention is foreclosed by controlling Eighth Circuit precedents, we affirm.

In a series of cases governing juvenile criminal sentencing, the Supreme Court established that the concept of proportionality central to the Eighth Amendment requires recognition that "because juveniles have lessened culpability they are less deserving of the most severe punishments." <u>Graham v. Florida</u>, 560 U.S. 48, 68 (2010). In <u>Roper v. Simmons</u>, 543 U.S. 551, 578 (2005), the Court held that the Eighth Amendment "forbid[s] imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed." In <u>Graham</u>, 560 U.S. at 82, the Court held that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." In <u>Miller</u>, the Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465.

<u>Roper</u>, <u>Graham</u>, and <u>Miller</u> reviewed sentences initially imposed on juvenile offenders. Winfrey argues that using his juvenile offense to apply an ACCA enhancement to the sentence imposed for his adult felon-in-possession offense is "the

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

functional equivalent of a mandatory no parole sentence" and therefore is unconstitutional under Miller. In United States v. Jones, 574 F.3d 546, 553 (8th Cir. 2009), we rejected the contention that an ACCA enhancement based on crimes committed as a juvenile was unconstitutional under Roper, concluding that "Roper does not deal specifically -- or even tangentially -- with sentence enhancement." In United States v. Sykes, we reaffirmed our decision in Jones and held that "[n]either Roper nor Graham prohibit sentence enhancement based on convictions incurred as a juvenile." 809 F.3d 435, 440 (8th Cir.), cert. granted, judgment vacated on other grounds, 137 S. Ct. 124 (2016).[2]

Acknowledging these adverse precedents, Winfrey argues that we should not view Jones as binding on our panel because it was decided prior to Miller. True enough, but Miller simply applied the reasoning of Roper and Graham to an additional type of juvenile sentence -- mandatory life without parole. Miller did nothing to cast in doubt our prior determination that cases imposing Eighth Amendment limitations on initial juvenile sentences do not control recidivist sentencing enhancements for adult offenders. When a recidivist enhancement such as the ACCA is applied in sentencing an adult offender like Winfrey, "100% of the punishment is for the offense of conviction," with the enhancement serving as a "stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one." United States v. Rodriquez, 553 U.S. 377, 386 (2008) (cleaned up). Therefore, not surprisingly, we have upheld the use of juvenile offenses in imposing recidivist sentencing enhancements since the Supreme Court decided Miller, both in Sykes, 809 F.3d at 439-40, and in Emmert, 825 F.3d at 910 (18 U.S.C. § 2252(b)(2) enhancement). See also Wright v. United States, 902 F.3d 868, 872 n.5 (8th Cir. 2018).

---

[2]On remand, we vacated our prior decision because the state law burglary convictions at issue were no longer ACCA predicates, but we did not reconsider our interpretation of Roper and Graham. See United States v. Sykes, 727 F. App'x 908, 909 (8th Cir. 2018).

Here, Winfrey's ACCA-enhanced sentence punishes him for a crime he committed when he was 45 years old.  The reasoning underlying Roper, Graham, and Miller -- that juveniles offenders have reduced culpability and greater capacity for rehabilitation -- cannot excuse Winfrey's actions.  "Unlike defendants who receive severe penalties for juvenile offenses and are thus denied a chance to demonstrate growth and maturity, ACCA recidivists have been given an opportunity to demonstrate rehabilitation, but have elected to continue a course of illegal conduct." United States v. Orona, 724 F.3d 1297, 1308 (10th Cir.) (cleaned up), cert. denied 571 U.S. 1034 (2013); accord United States v. Hunter, 735 F.3d 172, 176 (4th Cir. 2013), cert. denied 572 U.S. 1074 (2014).

The judgment of the district court is affirmed.  We deny Winfrey's *pro se* motion and renewed motion for appointment of new appellate counsel.

_____