**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4711

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

UNIQUE JAMES DEMBY,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge. (1:20-cr-00301-LCB-1)

Submitted:  October 28, 2022                     Decided:  December 28, 2022

Before WYNN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Aaron B. Wellman, IVEY, MCCLELLAN, SIEGMUND, BRUMBAUGH & MCDONOUGH, L.L.P., Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant-Appellant Unique James Demby pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court adopted the findings of the presentence investigation report, concluding that Demby faced a fifteen-year mandatory minimum sentence because he had previously been convicted of at least three violent felonies, including multiple convictions for felony breaking or entering pursuant to N.C. Gen. Stat. § 14-54(a). *See* 18 U.S.C. § 924(e)(1).

The government moved for a twenty-percent downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based on Demby's substantial assistance to law enforcement. The district court determined that it was appropriate to depart forty percent below the statutory minimum based on Demby's substantial assistance, assigning a sentence of 108 months' imprisonment. Demby timely appealed.

Demby raises four arguments in support of his assertion that the district court erred in sentencing him pursuant to ACCA. We apply de novo review to the district court's legal determinations as to the applicability of the ACCA enhancement as well as its conclusion that it was not permitted to consider factors other than substantial assistance in determining an appropriate sentence. *See United States v. Thompson*, 421 F.3d 278, 280–81 (4th Cir. 2005); *United States v. Spinks*, 770 F.3d 285, 287 (4th Cir. 2014). Each of Demby's arguments is foreclosed by our precedent.

First, Demby argues that his convictions under N.C. Gen. Stat. § 14-54(a) cannot serve as predicate convictions under ACCA because they do not qualify as "violent

2

felon[ies]." 18 U.S.C. § 924(e)(1) (providing a fifteen-year mandatory minimum sentence for an individual convicted under 18 U.S.C. § 922(g) who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another"). As relevant here, a "violent felony" under ACCA is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary" or one of several other enumerated crimes. *Id.* § 924(e)(2)(B)(ii).

To assess whether a conviction under state law is "burglary," "we compare the elements of the offense in question with the elements of burglary, under burglary's generic definition." *United States v. Mungro*, 754 F.3d 267, 269 (4th Cir. 2014). The generic definition of burglary requires "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). If the elements of the state statute are "the same or more narrow" compared to the generic definition, then conviction under the state statute constitutes a predicate conviction for a violent felony under ACCA. *United States v. Dodge*, 963 F.3d 379, 382 (4th Cir. 2020).

Demby argues that conviction under North Carolina's "breaking or entering" statute cannot serve as a predicate conviction under ACCA because the North Carolina statute's elements are broader than those of generic burglary. However, this Court has rejected this argument before: in *Mungro*, we held that the North Carolina breaking or entering statute sweeps no more broadly than generic burglary as defined by the Supreme Court in *Taylor*, 495 U.S. at 598, and therefore constitutes a violent felony under ACCA. 754 F.3d at 272.

3

We recently reaffirmed this holding in *Dodge*. 963 F.3d at 385. Thus, this argument is foreclosed by our precedent.

Next, Demby argues that including convictions for crimes Demby committed before he turned eighteen as ACCA predicate offenses violates the constitutional guarantee of equal protection—applicable to the federal government through the Fifth Amendment Due Process Clause, *see Bolling v. Sharpe*, 347 U.S. 497 (1954)—because North Carolina was an outlier in prosecuting sixteen- and seventeen-year-old offenders, like Demby, as adults. Therefore, Demby asserts, ACCA treats federal defendants like Demby differently from those federal defendants who committed juvenile offenses in other states, in violation of the Due Process Clause. Again, this Court has rejected this argument. *United States v. Lender*, 985 F.2d 151, 156 n.* (4th Cir. 1993) (rejecting as "unpersuasive" the defendant's assertion that "the incorporation of state definitions into the federal statute violates the Equal Protection Clause by conditioning sentence enhancement on the arbitrary criteria of where certain predicate offenses were committed" (quotation marks omitted)). Thus, application of the ACCA sentencing enhancement here does not deny Demby equal protection of the law.

Third, Demby argues that applying the ACCA sentencing enhancement based on predicate convictions for conduct that occurred when Demby was a juvenile violates the Eighth Amendment's prohibition against cruel and unusual punishment. Once again, our precedent forecloses this argument. In *United States v. Hunter*, 735 F.3d 172 (4th Cir. 2013), we held that the Eighth Amendment did not bar application of ACCA's sentencing enhancement based on predicate crimes that the defendant committed as a juvenile. We

4

explained that, under those circumstances, the defendant "is not being punished for a crime he committed as a juvenile, because sentence enhancements do not themselves constitute punishment for the prior criminal convictions that trigger them." *Id.* at 176. Because *Hunter* controls, Demby's argument on this point fails.

Finally, Demby argues that the district court erred in refusing to consider sentencing factors other than substantial assistance when imposing a sentence below ACCA's fifteen-year mandatory minimum. According to Demby, the court should have also considered the factors enumerated in 18 U.S.C. § 3553(a). But again, our case law rejects this argument: "the extent of a § 3553(e) departure below a mandatory minimum must be based solely on a defendant's substantial assistance and factors related to that assistance." *Spinks*, 770 F.3d at 287. Thus, the district court did not err in declining to consider the § 3553(a) factors.

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*