SLIP OPINION

Cite as 2017 Ark. 217

# SUPREME COURT OF ARKANSAS

No. CR–16–1062

| | |
|---|---|
| DETRIC DESHUN WILSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** June 8, 2017<br><br>APPEAL FROM THE LONOKE<br>COUNTY CIRCUIT COURT<br>[NO. 43CR–14–138]<br><br>HONORABLE SANDY HUCKABEE,<br>JUDGE<br><br>AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

A jury found appellant, Detric Deshun Wilson, guilty of one count of aggravated robbery, and the circuit court sentenced him to a statutorily mandated sentence of life imprisonment as a defendant convicted of a Y felony involving violence who had previously been convicted of two felonies involving violence. Ark. Code Ann. § 5-4-501(d)(1)(A), (d)(2)(A)(iv) (Supp. 2015). The jury also convicted Williams of one count of robbery with the circuit court sentencing him to twenty years' imprisonment to run consecutively to the aggravated-robbery sentence; a second robbery count with the circuit court sentencing him to twenty-years' imprisonment to run consecutively to the sentences for both the aggravated-robbery and the robbery; three counts of theft of property with the circuit court sentencing him to three 10-year sentences to run concurrently with the aggravated-robbery sentence; and one count of commercial burglary with the circuit court sentencing him to fifteen years' imprisonment to run concurrently with the aggravated-robbery sentence.

SLIP OPINION

On appeal, Wilson does not challenge the sufficiency of the evidence to support the theft or burglary convictions. Wilson, however, argues that because the evidence was insufficient to support his convictions for aggravated robbery and two counts of robbery, the circuit court erred in denying his directed-verdict motions on all three counts. Further, he argues that because his habitual-offender status was established by proof of convictions for crimes that he committed while he was a juvenile, it was unconstitutional to impose a mandatory sentence of life imprisonment for the aggravated-robbery conviction. We affirm.

We first consider Wilson's arguments that the circuit court erred in denying his motions for a directed verdict on the aggravated robbery and two robbery counts. A person commits robbery if, with the purpose of committing a theft or "resisting apprehension immediately after committing" the theft, he employs or threatens to immediately employ physical force upon another person. Ark. Code Ann. § 5-12-102(a) (Repl. 2013). A person commits aggravated robbery if he or she commits a robbery and is armed with a deadly weapon or represents by word or conduct that he is armed with a deadly weapon. Ark. Code Ann. § 5-12-103(a)(1), (2).

On appeal, Wilson does not argue that he was misidentified as the perpetrator of the aggravated robbery or the two counts of robbery, that he did not employ or threaten to immediately employ physical force upon another person, or that he did not represent by word or conduct that he was armed with a deadly weapon. Rather, he argues that the circuit court erred in denying his directed-verdict motions on the three counts because there was insufficient evidence that he made threats to persons with the purpose of committing a theft or resisting apprehension immediately after committing the theft. Wilson contends that

when he made threats in three separate instances to three different persons, he was neither committing a theft nor "resisting apprehension immediately after committing" the theft, and thus the circuit court erred in denying his directed-verdict motions.

A directed-verdict motion is a challenge to the sufficiency of the evidence. *See, e.g.*, *Hinton v. State*, 2015 Ark. 479, at 2, 477 S.W.3d 517, 520. When reviewing a challenge to the sufficiency of the evidence, this court assesses the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Id.*, 477 S.W.3d at 520. We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.*, 477 S.W.3d at 520. Substantial evidence is evidence which is of sufficient force and character that will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*, 477 S.W.3d at 520.

At trial, Earl Vaughan testified that on November 17, 2013, he worked in a K-Mart store in Cabot, Arkansas. Before the store opened for the day, Vaughan saw a man, Wilson, beating and cutting the locks on the jewelry cabinets with bolt cutters. Vaughan testified that the man was holding a bag and reaching down into the jewelry counter but that he did not see the man holding any jewelry. Vaughan went to the front of the jewelry counter and asked the man, "Dude, what are you doing?" The man turned and looked at him and said, "Don't be a hero. I have a pistol." The man then reached into his coveralls. Vaughan testified that he saw Christopher Price, another store employee, coming toward them, and told Price, "He has a gun, back up." Vaughan then walked away from the counter. On cross-examination, Vaughan acknowledged that he did not take any measures to stop or apprehend the man.

Christopher Price testified that before the store opened, an alarm sounded in the jewelry department. Price observed Vaughan speaking to another man who was behind the jewelry counter, Wilson. As Price approached them, the man turned around, reached into his jacket, and said, "Don't be a hero." Price testified that he thought the man was reaching for a firearm or a weapon. Price, in fear for his life, walked away. Price further testified that the man had a trash bag in his hand but that he did not remember the man taking anything or handling either the jewelry or the jewelry counters. On cross-examination, Price acknowledged that he did not attempt to apprehend the man.

Another store employee, Donna Cathey, testified that she noticed a man in the store who was not an employee. She ran to a telephone at her desk in the stockroom to page Price. The swinging doors to the stockroom flew open and the man, Wilson, ran through the doors carrying a plastic sack. Cathey started chasing after the man and was about three feet behind him, saying, "Hey, hey, hey," to try and stop him. The man said to her, "I've got a pistol," so she stopped her pursuit. According to Cathey, she believed he had a pistol or gun and was in fear for her life.

In addressing Wilson's argument, even assuming for the sake of argument that Wilson's threats to employ physical force against Vaughan, Price, and Cathey were not made for the purpose of committing the theft, there was substantial evidence that Wilson's threats to employ physical force on Vaughan, Price, and Cathey were made for the purpose of "resisting apprehension immediately after" committing a theft. Under the statutory language, it is not dispositive whether the three employees attempted to apprehend Wilson. Rather, our focus is on Wilson's purpose. A criminal defendant's intent or state of mind is

seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Watson v. State*, 358 Ark. 212, 219, 188 S.W.3d 921, 925 (2004). Because intent cannot be proven by direct evidence, the jurors can draw upon their common knowledge and experience to infer it from the circumstances. *Id.*, 188 S.W.3d at 925. From the evidence presented, a jury could infer that the purpose of Wilson's threats to employ physical force against Vaughan, Price, and Cathey was to forestall them from attempting to apprehend him, thus allowing Wilson to resist apprehension immediately after committing the theft. Moreover, after Wilson made his threats, both Vaughan and Price walked away from Wilson, and Cathey ceased her efforts to stop Wilson. This testimony additionally supports the conclusion that Wilson's purpose in making the threats of physical force was to resist apprehension immediately after committing the theft. Accordingly, we hold that substantial evidence supported the three convictions and that the circuit court did not err in denying Wilson's motions for directed verdicts.

At sentencing, the State proved that in 1993, when Wilson was sixteen years old, he pleaded guilty to two counts of criminal conspiracy to commit aggravated robbery, which he committed when he was fifteen years old. Wilson was sentenced on each conviction to five years' imprisonment with a five-year suspended imposition of sentence. Based on this proof, the circuit court imposed a statutorily mandated sentence of life imprisonment for committing the aggravated robbery as a defendant convicted of a Class Y felony involving violence who had previously been convicted of two felonies involving violence. Ark. Code Ann. § 5-4-501(d)(1)(A), (d)(2)(A)(iv).

Wilson notes that he was under the age of eighteen years at the time he committed the two counts of conspiracy to commit aggravated robbery. On appeal, and as he argued before the circuit court, he challenges the constitutionality of Arkansas Code Annotated section 5-4-501. Wilson contends that because he was a juvenile when he committed these crimes, these two convictions cannot be used to confer an automatic life sentence for aggravated robbery. He argues that imposing an automatic life sentence based on an offense committed when he was a juvenile violates the Eighth Amendment of the United States Constitution and article 2, section 9 of the Arkansas Constitution. He asserts that the sentencing court should have been given an opportunity to consider that his prior offenses were committed when he was a juvenile before imposing a life sentence for aggravated robbery. Wilson further asks this court to adopt a categorical rule that prohibits offenses committed by a juvenile from being used as a basis to impose a mandatory life sentence.

In support of his contention, Wilson cites to *Miller v. Alabama*, 567 U.S. 460, ___, 132 S. Ct. 2455, 2460 (2012), which held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on '"cruel and unusual punishments."'" *See also Graham v. Florida*, 560 U.S. 48, 80 (2010) (holding that the Eighth Amendment prohibits a sentence of life without parole for juveniles convicted of nonhomicide offenses); *Roper v. Simmons*, 543 U.S. 551, 578 (2005) (holding that imposing the death penalty on juveniles violates the Eighth Amendment). In *Miller*, the Court observed that children are constitutionally different from adults for purposes of sentencing because juveniles have diminished culpability and greater prospects for reform and are thus less deserving of the most severe punishments. *Miller*, 567 U.S. at ___, 132 S.

SLIP OPINION

Ct. at 2464. The Court further observed that mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features. *Id*. at ___, 132 S. Ct. at 2468. The Court concluded that the "Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," because by "making youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence, such a scheme poses too great a risk of disproportionate punishment." *Id*. at ___, 132 S. Ct. at 2469.

This court has interpreted article 2, section 9 of the Arkansas Constitution, which prohibits "cruel or unusual punishment," in a manner that is consistent with precedents under federal law regarding the Eighth Amendment's prohibition against "cruel and unusual punishments." *Kelley v. Johnson*, 2016 Ark. 268, at 14, 496 S.W.3d 346, 357. Also, this court has held that a juvenile-delinquency adjudication is neither a felony conviction nor a finding of guilt of a felony, and thus, a prior juvenile-delinquency adjudication cannot be used for sentence enhancement under the habitual-offender law. *Vanesch v. State*, 343 Ark. 381, 390, 37 S.W.3d 196, 201 (2001). In *Vanesch*, the State sought to enhance the adult defendant's sentence by using a juvenile adjudication for an offense he committed as a juvenile. In contrast to *Vanesch*, and even though Wilson was a juvenile when he was convicted of the two counts of conspiracy to commit aggravated robbery, he was not in juvenile court but instead was in criminal court as an adult.

In considering both his federal and state claims, we note that Wilson was 36 years old when he committed the aggravated robbery. In receiving a life sentence as a defendant convicted of a Class Y felony involving violence and who had previously been convicted as

an adult of two felonies involving violence, Wilson was not being sentenced a second time for past crimes that he committed as a juvenile but instead was being punished for his conduct as an adult. *See Dolphus v. State*, 248 Ark. 799, 454 S.W.2d 88 (1970) (rejecting a claim that a statutory sentence as a habitual criminal is unconstitutional as a second punishment for previous offenses). Wilson was being held accountable for his conduct as an adult with knowledge of his past criminal convictions, to include his convictions as a juvenile. Thus, our holding in *Vanesch* concerning juvenile adjudications and the concerns in *Miller* about a juvenile's diminished culpability at the time he commits a crime are not at issue when the defendant, who is an adult and consequently does not suffer from a diminished culpability, is being punished with an enhanced sentence for his conduct as an adult. In fact, several courts have rejected the argument Wilson makes for these same reasons. *See, e.g.*, *United States v. Hunter*, 735 F.3d 172 (4th Cir. 2013); *United States v. Orona*, 724 F.3d 1297 (10th Cir. 2013); *United States v. Hoffman*, 710 F.3d 1228 (11th Cir. 2013) (per curiam); *United States v. Scott*, 610 F.3d 1009 (8th Cir. 2010); *Vickers v. Delaware*, 117 A.3d 516 (Del. 2015); *Counts v. Wyoming*, 338 P.3d 902 (Wyo. 2014). We hold that a conviction imposed on a juvenile sentenced as an adult may be used as the basis for an increased penalty imposed under the habitual-offender statute. Accordingly, we affirm Wilson's life sentence for aggravated robbery.

As required by Ark. Sup. Ct. R. 4-3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Wilson, and no prejudicial error has been found.

Affirmed.

*Robert M. "Robby" Golden*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson* , Ass't Att'y Gen., for appellee.