Cite as 2020 Ark. 172

# SUPREME COURT OF ARKANSAS
No. CR-19-784

| | | |
|---|---|---|
| | | **Opinion Delivered:** April 30, 2020 |
| WALTER MCCRAY, JR. | | |
| | APPELLANT | |
| | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-17-476] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE ALEX GUYNN, JUDGE |
| | | |
| | | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Walter McCray appeals his conviction in the Jefferson County Circuit Court of two counts of aggravated robbery, one count of theft of property, and one count of possession of a firearm by certain persons. For reversal, McCray argues that the circuit court erred (1) by denying his motion for a directed verdict on one of the aggravated-robbery counts and (2) by denying his motion to dismiss for lack of a speedy trial. Because McCray was sentenced to life imprisonment, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(2) (2019). We affirm.

On February 1, 2018, the State charged McCray by felony information with two counts of aggravated robbery, two counts of aggravated assault, one count of theft of property, one count of possession of a firearm by certain persons, and unauthorized use of

property to facilitate a crime. The State also sought enhanced penalties because McCray had been convicted or found guilty of two or more felonies involving violence and because he used a firearm in the commission of the crimes.

On the morning of trial, McCray's attorney orally argued speedy-trial motions that McCray had filed pro se on January 16, 2019, and February 20, 2019. The circuit court denied both. Subsequently, the State orally amended the information by nolle prossing the two aggravated-assault counts and the count alleging the unauthorized use of property to facilitate the commission of a crime. After voir dire, McCray personally raised the speedy-trial issue in chambers and stated that he had "been locked up for almost two years." The circuit court told McCray that it denied a speedy-trial dismissal because McCray had several continuances that were charged to him. McCray concedes that the record demonstrates that all continuances were granted at the request of his attorney.

The case proceeded to trial on May 20, 2019. Evidence at trial demonstrated that Dallas Ann Cossey was working as an assistant manager at the Family Dollar store on South Blake Street in Pine Bluff on July 29, 2017. At about 3:45 p.m. that afternoon, McCray walked into the store wearing a pair of men's boxer briefs upside down over his head. The briefs had eyeholes cut into them. McCray profanely demanded money while pointing a gun at Cossey. Cossey got a bag and took out the "till," which is the cash-register drawer. McCray demanded that she open the safe and threatened to kill her if she did not comply. Jonathan Hence, another assistant manager, was stocking shelves toward the rear of the store and called 911 when he overheard the threats. After he ended the 911 call,

2

Hence grabbed a bottle of laundry detergent, approached McCray from behind, and hit McCray over the head with the bottle of detergent. The two men then fell to the floor and got into a "tussle." Hence attempted to grab McCray's arm so that he could engage the firearm's safety. Hence heard a clicking sound and assumed that the safety was engaged. The police then arrived outside. Once Hence realized that the police had arrived, he quit struggling with McCray. At that point, the two men got up. McCray pushed Hence out of the way, picked up the bag of money, pointed the gun at Hence, and left the store. Although Hence believed the gun was on safety, he did not move. After McCray exited the store, police arrested him without incident.

The jury convicted McCray of one count of aggravated robbery with Cossey as the victim and a second count of aggravated robbery with Hence as the victim. The jury also convicted McCray of one count of theft of property and found that he used a firearm in the commission of each offense. Because of his prior convictions, McCray was automatically sentenced to life imprisonment for each of his aggravated-robbery convictions. The jury fixed McCray's sentence at forty years for theft of property and imposed a fifteen-year firearms enhancement for each of the three offenses.

McCray first argues that the circuit court erred when it denied his directed-verdict motion with respect to his aggravated robbery of Hence.[1] McCray contends that he and Hence struggled for control of the gun, not the money. McCray argues that because the

---

[1]McCray does not challenge the sufficiency of the evidence supporting the remaining convictions.

3

struggle with Hence was over the gun, the evidence cannot support a theft charge with Hence as a victim and that he therefore could not be convicted of robbery or aggravated robbery with Hence as the victim. McCray essentially argues that the theft was already complete before his involvement with Hence began. McCray further maintains that the fact that he pointed the gun at Hence after the struggle is immaterial because it was not done to facilitate a theft and "undoubtedly constituted a gratuitous display of aggression."

An appeal from the denial of a motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Taffner v. State*, 2018 Ark. 99, 541 S.W.3d 430. In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence. *Howard v. State*, 2016 Ark. 434, 506 S.W.3d 843. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* In reviewing a sufficiency challenge, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *Fletcher v. State*, 2018 Ark. 261, 555 S.W.3d 858.

We look next to the statutory elements of aggravated robbery, robbery, and theft of property. A person commits aggravated robbery if the person commits a robbery and is armed with a deadly weapon, represents by word or conduct that he or she is armed with a deadly weapon, or inflicts or attempts to inflict death or serious physical injury upon another person. Ark. Code Ann. § 5-12-103(a)(1) (Repl. 2013). A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension

immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person. Ark. Code Ann. § 5-12-102(a). A person commits theft of property if that person knowingly exercises unauthorized control over the property of another person with the purpose of depriving the owner of the property, or if the person obtains the property of another by threat with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103(a)(2) (Supp. 2019). Physical force is defined as bodily impact, restraint, or confinement, or the threat of bodily impact, restraint, or confinement. Ark. Code Ann. § 5-12-101. A firearm is a deadly weapon. Ark. Code Ann. § 5-1-102(4)(A). Additionally, a criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Wilson v. State*, 2017 Ark. 217, 521 S.W.3d 123. Because intent cannot be proven by direct evidence, the jurors can draw upon their common knowledge and experience to infer it from the circumstances. *Id.*

With the foregoing standards in mind, we consider the facts of this case. Viewing the evidence in the light most favorable to the State, we conclude that substantial evidence supports the jury's verdict. Although McCray had already obtained the money from Cossey, he dropped the bag during his struggle with Hence. Video introduced at trial showed that after the two men stood up following the struggle, Hence was standing near or over the bag of money. McCray pushed Hence multiple times to get him away from the bag and then picked it up and left the store as he pointed the gun at Hence. In retrieving the bag of money after the struggle, McCray knowingly exercised unauthorized control over

5

another's property with the purpose of depriving the owner of the property and therefore committed theft. Even if the force that McCray initially used against Hence is characterized as a struggle over the gun and not the money, McCray's actions in physically pushing Hence away from the bag of money before he picked up the bag demonstrate that he used force to facilitate the theft. Additionally, the jury was entitled to infer that McCray threatened the use of force because he possessed a firearm. Thus, the evidence introduced at trial was sufficient to allow the jury to find McCray guilty of robbery without resorting to speculation or conjecture. Finally, because McCray was armed with a deadly weapon, his robbery constituted aggravated robbery. We therefore hold that substantial evidence supports McCray's conviction of aggravated robbery with Hence as the victim.

McCray next argues that the circuit court erred by denying his motions to dismiss for lack of a speedy trial because "all continuances were granted at the request of Appellant's counsel, as opposed to Appellant personally." McCray asserts that, pursuant to Arkansas Rule of Criminal Procedure 28.2(a), the time for a trial in his case began to run with his arrest on July 29, 2017. McCray's initial speedy-trial motion was filed on January 19, 2019, more than twelve months after his arrest.

We conduct a de novo review to determine whether specific periods of time are excludable under our speedy-trial rules. *Perkins v. State*, 2019 Ark. 247, 582 S.W.3d 1. Arkansas Rule of Criminal Procedure 28.1 provides that any defendant charged with an offense and incarcerated in prison in this state pursuant to conviction of another offense, or lawfully held to bail or otherwise lawfully set at liberty, must be brought to trial within

twelve months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3. Ark. R. Crim. P. 28.1(b) & (c) (2019). If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1; *Gamble v. State*, 350 Ark. 168, 85 S.W.3d 520 (2002). Once a defendant establishes a prima facie case of a speedy-trial violation, i.e., that his or her trial took place outside the speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007). In calculating the speedy-trial period, necessary periods of delay are excluded as authorized in Ark. R. Crim. P. 28.3. Under Rule 28.3(c), the period of delay resulting from a continuance granted at the request of the defendant or his counsel is excluded.

McCray established a prima facie case of a speedy-trial violation because he was not brought to trial within the requisite time period. The issue is whether the circuit court properly excluded from the speedy-trial calculation the periods of delay that McCray's attorney sought. Once McCray filed his speedy-trial motion, speedy-trial time was tolled. *Yarbrough*, 370 Ark. 31, 257 S.W.3d 50. At his October 2, 2017 plea and arraignment, McCray told the court that he had hired an attorney, but he appeared without one. Because McCray's attorney was not present, the court continued the trial, which tolled the time. *See Gamble*, 350 Ark. 168, 85 S.W.3d 520. McCray was ordered to report back on October 20, 2017. At the October 20 hearing, a trial date was set for February 26, 2018. On February 1, 2018, McCray appeared at an omnibus hearing, and his attorney requested

7

an extension. The court granted his request and, after discussion, set the next hearing for June 7, 2018. McCray's attorney requested and received a ninety-day continuance on June 7, 2018, a thirty-day continuance on September 6, 2018, and a ninety-day extension on October 4, 2018. Thus, although almost eighteen months passed from McCray's arrest until his motion, the court excluded more than ten months of that delay that were due to the requests of McCray's attorney.

McCray did not specifically argue to the circuit court that the continuances requested by his counsel may not be excluded from the speedy-trial computation. An appellant is bound by the scope and nature of the arguments made at trial and may not change or enlarge those grounds on appeal. *Collins v. State*, 2019 Ark. 110, 571 S.W.3d 469. Additionally, McCray has offered no authority to support his argument that continuances granted at his attorney's request and not his personal request cannot be excluded from the speedy-trial computation. We do not consider arguments that are unsupported by citation to authority or convincing argument. *Ortega v. State*, 2016 Ark. 372, 501 S.W.3d 824. Moreover, his argument is without merit. Arkansas Rule of Criminal Procedure 28.3(c) specifically excludes from the speedy-trial computation "[t]he period of delay resulting from a continuance granted at the request of the defendant *or* his counsel." (Emphasis added.) Continuances granted at the request of a defendant's counsel are excluded from the speedy-trial computation even if the defendant does not approve or was not consulted. *Huddleston v. State*, 339 Ark. 266, 5 S.W.3d 46 (1999). Thus, the circuit court did not err when it denied McCray's motions to dismiss for speedy-trial violations.

Because McCray received a life sentence, the record has been examined for all objections, motions, and requests made by either party that were decided adversely to McCray in compliance with Arkansas Supreme Court Rule 4-3(i), and no prejudicial error has been found.

Affirmed.

HART, J., concurs.


**JOSEPHINE LINKER HART, Justice, concurring.** I agree with the majority's conclusions as to the sufficiency of the evidence and speedy trial. I write separately to draw attention to an arguably unconstitutional aspect of our sentencing system: after a defendant has been convicted of certain crimes, the jury is not allowed to participate in the sentencing phase; instead, the defendant is automatically sentenced to life in prison pursuant to an act of the legislature.

First, without condoning criminal activity of any sort, note that the conduct for which McCray was convicted and sentenced does not make him the most culpable life-sentence offender. Here, McCray received two automatic life sentences for the aggravated-robbery convictions, plus an additional term of years for the other charges. While McCray did use a firearm when he committed the robbery, it is safe to say that by the end of the week, this court will review cases involving far more serious crimes—with no greater sentence. McCray did not kill or maim anyone. After the robbery, he was arrested without

9

incident. These are circumstances that a jury would normally be able to consider when determining how to sentence someone convicted of a crime.

But as the majority notes, "[b]ecause of his prior convictions, McCray was automatically sentenced to life imprisonment for each of his aggravated-robbery convictions." Indeed, Ark. Code Ann. § 5-4-501(d)(1)(A) dictates that McCray is to be sentenced to life in prison for aggravated robbery, without any discretion from the court that convicted him. Not the jury, not the judge, not the prosecutor—no one but the legislature that enacted this law has any input regarding how McCray should be sentenced for his conduct.

This is inconsistent with the separation of powers in tripartite government. "The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to-wit: Those which are legislative, to one, those which are executive, to another, and those which are judicial, to another." Ark. Const. art. 4, § 1. The legislature can define certain conduct as a crime, and it can establish a range of potential punishment for that crime—to be administered in individual cases by the judiciary. But the authority of the legislative branch, in my view, does not extend so far as to wholly excise the role of the jury from judicial sentencing proceedings. Our constitution does not exclude sentencing proceedings from the right to a jury trial guaranteed by article 2, § 7 of the Arkansas Constitution. Justice can only be fairly administered by considering the relevant circumstances of an individual case and then addressing those circumstances accordingly. Mandatory

10

sentencing provisions such as § 5-4-501(d)(1)(A) make this impossible. For these reasons, such provisions are constitutionally suspect. However, as to the points raised in this appeal, I agree with the majority's conclusions.

I concur.

*Robinson & Zakrzewski, P.A.*, by: *Luke Zakrzewski*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.